Allen WISCH, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 94–403.

United States Court of Veterans Appeals.

Aug. 14, 1995.

Before KRAMER, HOLDAWAY, and IVERS, Judges.

## ORDER

PER CURIAM.

On March 14, 1994, the Board of Veterans' Appeals (BVA or Board) issued a decision which denied the appellant's claim of service connection for an acquired psychiatric disorder. The BVA noted the appellant's contention that he had a preexisting psychiatric disorder, and that the condition was aggravated by service. The Board, after determining that new and material evidence had been submitted to reopen the previously denied claim, concluded that there was no increase in severity of the appellant's preexisting condition in or as a result of service.

The determination of whether a preexisting disability was aggravated by service is a question of fact. *Doran v. Brown*, 6 Vet.App. 283, 286 (1994). The Court reviews the Board's findings of fact under the "clearly erroneous" standard, so if there is a plausible basis for the Board's determination, the Court will not overturn it. *Id.* at 287 (citing *Gilbert v. Derwinski*, 1 Vet.App. 49, 52–53 (1990)). The BVA relied on a 1955 VA examination which found no service-connected condition, aggravated or otherwise. The BVA also looked to a March 1992 VA psychi-

atric examination, relying upon the fact that the examiner did not indicate whether the appellant's condition was aggravated by service. The appellant contends that the examiner in 1992 did not address whether or not his condition was aggravated by service, and that the BVA, therefore, relied upon the examiner's silence as evidence against the appellant's claim.

Although the BVA wrote a highly detailed opinion, including an excellent analysis of new and material evidence, the Court finds that because the issue of aggravation was reasonably raised, and pursuant to the duty to assist, a contemporaneous examination should have been ordered which specifically addressed the issues of reconciling diagnoses and service aggravation.

On consideration of the foregoing, it is

ORDERED that the Board's March 14, 1994, decision is VACATED and REMANDED so that a psychiatric examination of the appellant can be performed. The examiner must provide an opinion on the issue of whether the appellant's preexisting mental condition increased in severity during service, and if so, whether such increase was attributable to the natural progression of the disease.