**Stewart L. DUDNICK, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 96–327.**

United States Court of Veterans Appeals.

Jan. 28, 1997.

Before FARLEY, HOLDAWAY, and STEINBERG, Judges.

### ORDER

PER CURIAM.

On April 2, 1996, the appellant filed a Notice of Appeal from a June 1, 1995, Board of Veterans' Appeals (Board or BVA) decision. On November 14, 1996, the Secretary filed a motion for remand pursuant to 61 Fed.Reg. 52, 695 (1996) (to be codified at 38 C.F.R. § 4.13, 4.16, 4.125–4.132 (1996)). The Secretary concedes that in light of the amendments to the portion of the rating schedule pertaining to mental disorders, including conversion disorder, which went into effect on November 7, 1996, the appellant's claims should be adjudicated under the version of the regulations most favorable to him. The appellant has filed an opposition to the Secretary's motion.

The Court agrees that a remand is appropriate. Although the new amendments became effective after the appellant filed his appeal with this Court, the Court and VA are required to apply the amendments to the extent that they are more favorable to the claimant than the earlier provisions. *See*

*Swann v. Brown,* 5 Vet.App. 229, 232 (1993); *see also Hayes v. Brown,* 5 Vet.App. 60, 66–67 (1993); *Karnas v. Derwinski,* 1 Vet.App. 308, 313 (1991). It is not function of this Court to make such a determination in the first instance. "[R]ather it is the function of this Court to decide whether such factual determinations made by the BVA . . . constituted clear error." *Gilbert v. Derwinski,* 1 Vet.App. 49, 53 (1990). Upon consideration of the foregoing, it is

ORDERED that the June 1, 1995, BVA decision is VACATED and the matter is REMANDED for readjudication, on the basis of all applicable law, regulation, and procedure, and for issuance of a readjudicated decision supported by an adequate statement of reasons or bases. *See* 38 U.S.C. § 7104(d)(1). "On remand the appellant will be free to submit additional evidence and argument" on remanded claims. *Quarles v. Derwinski,* 3 Vet.App. 129 (1992). A final decision by the Board following the remand herein ordered will constitute a new decision which, if adverse, may be appealed to this Court not later than 120 days after the date on which notice of the new Board final decision is mailed to the appellant.