**Mark W. HAMPTON, Appellant,**

v.

**Hershel W. GOBER, Acting Secretary of Veterans Affairs, Appellee.**

No. 97–27.

United States Court of Veterans Appeals.

Nov. 5, 1997.

Mark W. Hampton, pro se.

Mary Lou Keener, General Counsel; Ron Garvin, Assistant General Counsel; Adrienne Koerber, Deputy Assistant General Counsel; and Patricia Trujillo, Washington DC, were on the brief for appellee.

Before NEBEKER, Chief Judge, and KRAMER and STEINBERG, Judges.

KRAMER, Judge.

The appellant, Mark W. Hampton, appeals a December 18, 1996, decision of the Board of Veterans' Appeals (BVA or Board) which determined, inter alia, that the appellant's claim for service connection for a left knee disorder was not well grounded. Record (R.) at 1–7. This appeal is timely, and the Court has jurisdiction pursuant to 38 U.S.C. § 7252(a). For the reasons that follow, the Court will reverse the decision of the BVA and remand the matter.

■■■ Under 38 U.S.C. § 5107(a), the appellant has the burden of submitting evidence sufficient to justify a belief that his claim of entitlement to service connection is well grounded. *See Robinette v. Brown,* 8 Vet.App. 69, 73 (1995). Where the determinative issue involves medical etiology or a medical diagnosis, competent medical evidence that a claim is "plausible" or "possible" is generally required for the claim to be well grounded. *Heuer v. Brown,* 7 Vet.App. 379, 384 (1995); *Grottveit v. Brown,* 5 Vet.App. 91, 93 (1993). Establishing service connection generally requires medical evidence of a current disability; medical or, in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and medical evidence of a nexus between the claimed in-service disease or injury and the present disease or injury. *See Caluza v. Brown,* 7 Vet.App. 498, 506 (1995), *aff'd per curiam,* 78 F.3d 604 (Fed.Cir.1996) (table); *see also Heuer* and *Grottveit,* both *supra.* The determination whether a claim is well grounded is subject to de novo review by this Court. *See Robinette,* 8 Vet.App. at 74.

■ In its decision, the BVA determined that the appellant's claim was not well grounded because it found that there was no medical evidence of a current disability related to service. R. at 1–7. In support of this conclusion, the Board noted that "[n]o pertinent complaints or findings referable to left knee disability were recorded in connection with the [May 1993] VA [disability] examination." R. at 4. Because the Court finds that there is medical evidence of record that the appellant currently suffers from a left knee disability (R. at 96), that he was treated for bilateral knee pain in service (R. at 22), and that the current left knee condition may be

linked to service (R. at 96), the Court holds that the claim is well grounded.

Specifically, the appellant's service medical records indicate treatment in service for bilateral knee pain, diagnosed as infrapatellar tendinitis. R. at 22. Also of record is a March 1993 separation examination report wherein the appellant was diagnosed with a bilateral knee condition. R. at 96. Considering that the appellant filed a disability claim for a left knee condition in April 1993, approximately one month after his separation examination, the Court finds that the diagnosis of a bilateral knee condition contained in the separation examination report provides evidence of both a current left knee condition and a relationship to service. The Court holds that because the report from the VA disability examination, conducted in May 1993, contained no express findings regarding the appellant's left knee (R. at 114–29), it cannot plausibly support a finding that the appellant does not have a current left knee condition. *See Gilbert v. Derwinski,* 1 Vet. App. 49, 53 (1990) ("if there is a 'plausible' basis in the record for the factual determinations of the BVA, … [the Court] cannot overturn them"); *cf. Wisch v. Brown,* 8 Vet. App. 139, 140 (1995) (per curiam order) (claim for service connection based on aggravation of preexisting condition was remanded by Court because VA examination relied on by BVA did not specifically address whether appellant's condition was aggravated by service).

■ Moreover, the Court notes that the duty to assist was triggered because the appellant's claim is well grounded within the meaning of 38 U.S.C. § 5107(a). *See Allday v. Brown,* 7 Vet.App. 517, 526 (1995); *Murphy v. Derwinski,* 1 Vet.App. 78, 81–82 (1990) (Secretary is obligated to assist in developing facts pertinent to claim that is well grounded); *see also Grottveit,* 5 Vet. App. at 93. The duty to assist includes, in an appropriate case, the duty to conduct a thorough and contemporaneous medical examination. *See Green v. Derwinski,* 1 Vet. App. 121, 124 (1991) (fulfillment of duty to assist includes conducting thorough and contemporaneous medical examination); 38 C.F.R. § 4.1 (1996) (accurate and fully de-

scriptive medical examinations are required for proper application of rating schedule). In this case, because the medical report from the VA disability examination did not contain an express finding regarding the appellant's left knee, that report is not sufficient to fulfill the Secretary's duty. *See Wisch,* 8 Vet.App. at 140 (duty to assist required examiner to address specifically the alleged disorder; examiner's silence was insufficient). Thus, the BVA must obtain an examination in which the examiner specifically opines as to whether the appellant currently suffers from a left knee disorder and, if so, the probability that such condition is related to service. This medical examination must also consider the records of prior medical examinations and treatment in order to assure a fully informed examination. *See* 38 C.F.R. § 3.326 (1996); *Schroeder v. Brown,* 6 Vet.App. 220, 225 (1994); *Green,* 1 Vet.App. at 123.

The Court notes that the appellant has also raised issues on this appeal regarding claims that were remanded by the BVA in its December 18, 1996, decision. Pursuant to 38 U.S.C. §§ 7252(a) and 7266(a), in order for a claimant to obtain review of a BVA decision by this Court, that decision must be final and the person adversely affected by that decision must file a Notice of Appeal (NOA) within 120 days after the date on which the BVA decision was mailed. *See Horowitz v. Brown,* 5 Vet.App. 217, 225 (1993); 38 C.F.R. § 20.1100(b) (1996). Because a final decision has not been issued by the BVA with respect to the claims that were remanded, those claims cannot be reviewed by the Court on this appeal. *See In re Quigley,* 1 Vet.App. 1 (1989).

The Court further notes that the appellant has filed several motions for expedited consideration on the ground of financial hardship. In view of the present opinion, the appellant's motions are denied as moot.

Upon consideration of the record on appeal and the parties' pleadings and based on the foregoing analysis, the December 18, 1996, BVA decision that the appellant's claim was not well grounded is REVERSED and the matter REMANDED for proceedings consistent with this opinion and in accordance with section 302 of the Veterans' Benefits Improvements Act of 1994, Pub.L. No. 103–446

§ 302, 108 Stat. 4645, 4658 (1994); *see Allday,* 7 Vet.App. at 533–34. "On remand, the appellant will be free to submit additional evidence and argument" on the remanded claim, *Quarles v. Derwinski,* 3 Vet.App. 129, 141 (1992), including his contentions regarding the law changes regarding Persian Gulf illness. A final Board decision following the remand herein ordered will constitute a new decision that, if adverse, may be appealed to this Court only upon the filing of a new NOA with the Court not later than 120 days after the date on which notice of the new Board final decision is mailed to the appellant.