Russell KINGSTON, Appellant,

v.

Togo D. WEST, Jr., Secretary of
Veterans Affairs, Appellee.

No. 96–1556.

United States Court of Veterans Appeals.

June 30, 1998.

Before FARLEY, IVERS, and GREENE,
Judges.

## ORDER

PER CURIAM:

The appellant appeals an August 9, 1996, decision of the Board of Veterans' Appeals (BVA or Board) which found, inter alia, that his service-connected post-traumatic stress disorder (PTSD) warranted a 50% disability rating. On appeal, the appellant argues that a higher rating should have been assigned and seeks reversal of the Board's decision with instructions to award a total disability rating. The appellant's brief does not address the remaining eight issues decided by the Board; accordingly, the Court deems those claims abandoned. *Bucklinger v. Brown,* 5 Vet.App. 435 (1993).

The Secretary has moved for a remand of the portion of the BVA decision pertaining to the appellant's PTSD claim in light of

amendments to the rating schedule pertaining to mental disorders, including PTSD. 61 Fed.Reg. 52,695–702 (1996) (effective Nov. 7, 1996); 38 C.F.R. § 4.130 (1997); *see also Karnas v. Derwinski,* 1 Vet.App. 308, 313 (1991) ("[W]here the law or regulation changes after a claim has been filed ... but before the ... judicial appeal process has been concluded, the version most favorable to the appellant should and ... will apply."). On December 16, 1997, the appellant filed an opposition to the Secretary's motion, which, inter alia, purported to waive any right to readjudication he may have pursuant to *Karnas.*

The appellant argues that the Board's conclusion that he was not entitled to a 100% disability rating pursuant to 38 C.F.R. § 4.132, Diagnostic Code (DC) 9411(196) was arbitrary in light of the Board's notation that "[t]he record is negative for any evidence that the veteran has social contacts other than with his wife." R. at 12. At the time the Board issued the decision on appeal, the criteria for a 100% disability rating for PTSD required consideration of whether the claimant's condition affects the "attitudes of all contacts except the most intimate ... so as to result in virtual isolation in the community." DC 9411. The appellant asserts that "[b]y finding that Mr. Kingston has no social contacts other than his wife and yet denying a total disability rating under § 4.132, the Board necessarily determined that a veteran's wife is not one of the most intimate contacts within the meaning of the regulation." Appellant's Brief (Br.) at 11. The appellant urges the Court to resolve "the legal issue of whether a spouse is among a veteran's most intimate contacts within the meaning of ... [DC] 9411." Appellant's Opposition to Appellee's Motion for Remand and to Stay Further Proceedings at 6–7. The appellant also argues that the Board's finding that the severity of his PTSD was "considerable" was clearly erroneous. Br. at 12.

In *Karnas, supra,* the Court held that where a statute or regulation changes during the appellate process, the version most favorable to the claimant shall apply. Although the appellant purports to waive his right to readjudication pursuant to *Karnas,* it is not the function of this Court to determine in the first instance which version of the law is most favorable to the claimant. *Baker v. West,* 11 Vet.App. 163 (1998); *Dudnick v. Brown,* 10 Vet.App. 79 (1997). Accordingly, a remand is required. *Baker, Dudnick,* and *Karnas* all *supra.*

Because the Board will have to compare this appellant's benefits under both the original and the amended rating schedule, the Court must consider his challenges to the BVA decision before us. *See Baker, supra* (vacating and remanding a BVA decision pursuant to *Karnas,* despite appellant's waiver). In *Baker,* the Court first ruled on that appellant's assertion that the Board's decision was clearly erroneous and, finding that it was not, remanded the matter for readjudication pursuant to *Karnas.* It appears that the Court's holding in *Baker* was intended to establish a determination on the appellant's assertion that the BVA decision was clearly erroneous that would be binding on the BVA during readjudication. The precedential value of the Court's statement that the BVA decision in that case was not clearly erroneous is unclear considering the Court's ultimate vacation of that decision. *Cf. Laruan v. West,* 11 Vet.App. 80 (1998) (affirming the Board's order denying relief where the Court agreed with the denial of relief, but not the Board's reasons for the denial). The Court need not resolve that question in this matter because, for the reasons discussed below, the Court finds that the BVA decision must be vacated on grounds other than *Karnas,* and the matter remanded for readjudication, taking into account the principles outlined in *Karnas,* and all applicable law.

■ We disagree with the appellant's basic premise that whether a claimant's spouse is one of his "most intimate" contacts pursuant to DC 9411 is a matter of law. The issue is not legal but factual and depends upon the evidence presented. One certainly can envision a factual circumstance where the Board would be compelled to find that a particular claimant's spouse is not one of that claimant's most intimate contacts. Thus, we cannot accept the appellant's invitation to hold, as a

matter of law, that a spouse is *always* among a claimant's "most intimate" contacts.

■ The Court finds, however, that the Board has failed to provide an adequate statement of reasons or bases for its implicit determination in this case. 38 U.S.C. § 7104(d)(1); *see also Gilbert v. Derwinski*, 1 Vet.App. 49 (1990). Although the revised rating schedule for PTSD does not discuss the most intimate contacts criterion of the former § 4.132 (*compare* 38 C.F.R. § 4.132 (1996) *with* 38 C.F.R. § 4.130 (1997)), should the Board determine on remand that the earlier version of the rating schedule is more favorable to the veteran, the Board must provide an adequate statement of its reasons and bases for such a conclusion (38 U.S.C. § 7104(d)(1); *see also Gilbert, supra* ).

■ The Court also finds that the Board's conclusion that the severity of Mr. Kingston's PTSD is "considerable" is not supported by an adequate statement of reasons and bases. *Id.* Although the appellant argues that the Board's finding was clearly erroneous, his brief serves to highlight the evidence of record for which the Board, while acknowledging its existence, simply failed to provide sufficient discussion and analysis "to permit effective judicial review." *Gilbert*, 1 Vet. App. at 57. Upon readjudication of this claim, the Board's conclusions as to the severity of the appellant's PTSD must be considered anew, regardless of which version of the rating schedule applies (*see Fletcher v. Derwinski*, 1 Vet.App. 394 (1991)) and the Board will, of course, be bound to provide an adequate statement of its reasons or bases for all of its conclusions (*see Gilbert, supra* ).

"A remand is meant to entail a critical examination of the justification for the decision. The Court expects that the BVA will reexamine the evidence of record, seek any other evidence the Board feels is necessary, and issue a timely, well-supported decision in this case." *Fletcher*, 1 Vet.App. at 397; *see also* § 302 of the Veterans Benefits Improvement Act of 1994, Pub.L. No. 103–446, 108 Stat. 4645, 4648 (1994) (found at 38 U.S.C. § 5101 note). "[A] remand by this Court or the Board confers on the veteran or other claimant, as a matter of law, the right to compliance with the remand orders ... [and]

imposes upon the Secretary of Veterans Affairs a concomitant duty to ensure compliance with the terms of the remand, either personally or as the 'the head of the Department.'" *Stegall v. West*, 11 Vet.App. 268, 271 (1998) (quoting 38 U.S.C. § 303). On remand, the appellant is free to submit additional evidence and argument necessary to the resolution of this claim. *Quarles v. Derwinski*, 3 Vet.App. 129, 141 (1992). Moreover, if the circumstances warrant, the BVA is authorized and obligated to remand the claim to the regional office for further development. *See* 38 C.F.R. § 19.182(a); *Littke v. Derwinski*, 1 Vet.App. 90 (1990).

On consideration of the foregoing, it is

ORDERED that the Secretary's motion for remand is granted, the portion of the August 9, 1996, decision of the Board of Veterans' Appeals assigning a 50% rating to the appellant's service-connected PTSD is VACATED, and the matter is REMANDED for readjudication.