# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 99-775

JANE A. PATEK,                                                      APPELLANT,

V.

HERSHEL W. GOBER,
ACTING SECRETARY OF VETERANS AFFAIRS,                              APPELLEE.


Before HOLDAWAY, IVERS, and STEINBERG, *Judges.*

## O R D E R

On October 18, 2000, the Court in a single-judge memorandum decision affirmed an April 5, 1999, decision of the Board of Veterans' Appeals that determined that new and material evidence had not been submitted to reopen a claim for service connection for the cause of the veteran's death. On November 18, 2000, the appellant, through counsel, filed a motion for a decision by a panel.

On November 9, 2000, the Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000) [hereinafter VCAA], was enacted. Section 5103(a) as amended by the VCAA provides:

> Upon receipt of a complete or substantially complete application, the Secretary shall notify the claimant and the claimant's representative, if any, of any information, and any medical or lay evidence, not previously provided to the Secretary that is necessary to substantiate the claim. As part of that notice, the Secretary shall indicate which portion of that information and evidence, if any, is to be provided by the claimant and which portion, in any, the Secretary, in accordance with section 5103A of this title and any other applicable provision of law, will attempt to obtain on behalf of the claimant.

In *Karnas v. Derwinski*, 1 Vet.App. 308, 312-13 (1991), this Court held that unless Congress provided otherwise, where a statute or regulation changes during the appellate process, the version most favorable to the claimant shall apply. It is not the function of this Court to determine in the first instance which version of the law is most favorable to the claimant. *See Baker v. West*, 11 Vet.App. 163 (1998); *Dudnick v. Brown*, 10 Vet.App. 79 (1997).

On consideration of the foregoing, it is

ORDERED that the appellant shall, within 30 days after the date of this order, file, and serve on the Secretary, a supplemental memorandum of law explaining what impact, if any, she believes

that the enactment of the VCAA has on the disposition of her underlying appeal and the motion for panel decision.  Also, the appellant shall explain why the Board decision should not be vacated and this matter remanded pursuant to the VCAA and *Karnas, supra*.  The Secretary shall file, and serve on the appellant, a reply to the appellant's supplemental memorandum 30 days after its date of service.  The appellant may, if she chooses, file a reply to the Secretary's response within 14 days after the date of service of the Secretary's response.

DATED: January 10, 2001                                       PER CURIAM.