# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 98-1410

KLAUS P. NEUMANN, APPELLANT,

V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before KRAMER, *Chief Judge*, and FARLEY and HOLDAWAY, *Judges.*

## O R D E R

In a panel opinion dated July 21, 2000, *Neumann v. West*, 14 Vet.App. 12 (2000), the Court affirmed that part of the July 15, 1998, decision of the Board of Veterans' Appeals (Board) that denied the appellant's claims to establish service connection for cubital tunnel syndrome, a skin disorder, and a perception or coordination disorder. Judgment was entered on August 14, 2000. The appellant subsequently perfected an appeal to the United States Court of Appeals for the Federal Circuit (Federal Circuit). In an order dated February 20, 2001, the Federal Circuit remanded the appeal to this Court to consider the application of the recently enacted Veterans Claims Assistance Act of 2000 (VCAA), Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000). In addition, the Federal Circuit denied the appellant's motion to vacate this Court's July 2000 opinion with instructions for this Court to remand his claim to the Board. The Federal Circuit stated that it was more appropriate for the appellant to request such relief from this Court on remand.

Among other things, the VCAA eliminated the well-grounded-claim requirement and modified the Secretary's duties to notify and assist claimants. *See generally* VCAA, §§ 3, 4, 7; *see also Holliday v. Principi,* __ Vet.App. __, __, No. 99-1788, slip op. at 6-9 (Feb. 22, 2001) (holding all sections of VCAA are retroactive). In *Karnas v. Derwinski*, 1 Vet.App. 308, 312-13 (1991), this Court held that where a statute or regulation changes during the appellate process, unless Congress has provided otherwise, the version most favorable to the claimant shall apply. It is not the function of this Court to determine in the first instance which version of the law is most favorable to the claimant. *See Baker v. West*, 11 Vet.App. 163 (1998); *Dudnick v. Brown*, 10 Vet.App. 79 (1997). Thus, a remand is required for the Board to make this determination. Accordingly, the Court will recall the August 2000 judgment and will withdraw its July 21, 2000, opinion and issue this order in its stead.

On remand, the appellant is free to submit additional evidence and argument necessary to the resolution of his claims. *Kutscherousky v. West*, 12 Vet.App. 369, 372 (1999) (per curiam order). The Board shall proceed expeditiously. *See* Veterans' Benefits Improvement Act, Pub. L. No. 103-446, § 302, 108 Stat. 4645, 4658 (1994) (found at 38 U.S.C. § 5101 note) (requiring Secretary to

provide for "expeditious treatment" of claims remanded by Board or Court); *Drosky v. Brown*, 10 Vet.App. 251, 257 (1997).

Upon consideration of the foregoing, it is

ORDERED that the August 14, 2000, judgment is recalled.  It is further

ORDERED that the Court's July 21, 2000, opinion is withdrawn.  It is further

ORDERED that the July 15, 1998, Board decision is VACATED and the matters are REMANDED to the Board for readjudication.

DATED:　　　April 2, 2001　　　　　　　　PER CURIAM.