# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 97-1657

JERRY L. MEEK, APPELLANT,

v.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before FARLEY, HOLDAWAY, and IVERS, *Judges*

## O R D E R

The veteran, Jerry L. Meek, appeals a June 17, 1997, Board of Veterans' Appeals (BVA or Board) decision which (1) denied a compensable rating for onychomycosis of the left great toe and a rating in excess of 40% for a herniated nucleus pulposus and (2) remanded claims for service connection for thyroid disability, including entitlement under 38 U.S.C. § 1151. On September 22, 1999, the Court denied the appellant's motion for remand and ordered the appellant to file a brief within 30 days. On December 9, 1999, the appellant, through counsel, filed his principal brief arguing that the BVA decision should be vacated and the matter remanded for procedural defects. The appellant also argues that a remand of his claim for an increased rating for intervertebral disc syndrome is required pursuant to a change in law. The Secretary filed a brief on June 1, 2000, in which he argues that the appellant has abandoned his appeal of the Board's denial of his claim for a compensable rating for onychomycosis of the left great toe and that the Board's denial of an increased rating for intervertebral disc syndrome should be affirmed.

On November 9, 2000, the Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096 (2000) (VCAA) was enacted. In response to the Court's January 8, 2001, order, the parties filed supplemental briefs addressing the potential applicability of the VCAA. The parties agree that the veteran's claim for an increased rating for a herniated nucleus pulposus should be remanded in light of the VCAA. The Secretary argues, however, that the appellant abandoned his appeal of the Board's denial of his claim for an increased rating for onychomycosis of the left great toe. The appellant maintains that he has not abandoned his appeal of his left great toe claim and argues that a remand of that claim is also required. Although the appellant never specifically addressed the merits of the Board's decision regarding his left great toe claim, because the appellant challenged the entire BVA decision on procedural grounds, the Court finds that his appeal of that issue has not been abandoned.

Among other things, the VCAA eliminated the well-grounded-claim requirement and modified the Secretary's duties to notify and assist claimants. *See generally* VCAA, §§ 3, 4, 7; *see also Holliday v. Principi,* __ Vet.App. __, __, slip op. at 6-9, No. 99-1788 (Feb. 22, 2001) (holding

all sections of VCAA are retroactive). In *Karnas v. Derwinski*, 1 Vet.App. 308, 312-13 (1991), this Court held that where a statute or regulation changes during the appellate process, the version most favorable to the claimant shall apply. It is not the function of this Court to determine in the first instance which version of the law is most favorable to the claimant. *See Baker v. West*, 11 Vet.App. 163 (1998); *Dudnick v. Brown*, 10 Vet.App. 79 (1997). Accordingly, a remand is required.

On remand, the appellant is free to submit additional evidence and argument necessary to the resolution of his claim. *See Kutscherousky v. West*, 12 Vet.App. 369 (1999) (per curiam order). The Board shall proceed expeditiously. *See* Veterans' Benefits Improvement Act, Pub. L. No. 103-446, § 302, 108 Stat. 4645, 4658 (1994) (found at 38 U.S.C. § 5101 note) (requiring Secretary to provide for "expeditious treatment" of claims remanded by the Board or Court); *Drosky v. Brown*, 10 Vet.App. 251 (1997). If the circumstances warrant, the Board is authorized and obligated to remand the claim to the VA regional office for further development. *See* 38 C.F.R. § 19.9(a) (1999); *Littke v. Derwinski*, 1 Vet.App. 90 (1990).

Upon consideration of the foregoing, it is

ORDERED that the June 17, 1997, decision of the Board of Veterans' Appeals, to the extent it denied the appellant's claims for increased ratings for his service-connected herniated nucleus pulposus and onychomycosis of the left great toe, is VACATED and the matter is REMANDED.

DATED:      April 17, 2001                    PER CURIAM.