# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 99-1001

JAMES T. BENJAMIN,                                                          APPELLANT,

   V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS,                                    APPELLEE.

Before HOLDAWAY, IVERS and STEINBERG, *Judges.*

## O R D E R

On April 19, 2001, the Court, in a single-judge order, vacated an April 1, 1999, decision of the Board of Veterans' Appeals and remanded the matter for readjudication in light of the enactment of the Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000). On May 10, 2001, the appellant, through counsel, filed a motion for reconsideration, or, in the alternative, for a panel decision.

Upon consideration of the foregoing, the parties' prior pleadings, and the record on appeal, it is

ORDERED, by the single judge, that the motion for reconsideration is denied. It is further

ORDERED, by the panel, that the motion for a panel decision is denied.

DATED: September 6, 2001                                          PER CURIAM.

STEINBERG, *Judge*, dissenting: I agree that this case should be remanded for the Board of Veterans' Appeals (Board or BVA) to consider the potentially applicable provisions of the Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000) (VCAA).[1] I voted in favor of a panel decision, however, because I believe that the Court should also address two of the appellant's assertions of error that are not predicated on the potential applicability of the

---

[1] *See Holliday v. Principi,* 14 Vet.App. 280, 290 (holding that, in view of "the absence of [Department of Veterans Affairs (VA)] implementing regulations, and . . . [in view of] concerns of fundamental fairness and fair process, the Court must avoid cutting off an appellant's rights under the [Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000) (VCAA),] by prematurely injecting itself into the VA adjudication process and making determinations on issues that were not addressed by VA in the first instance" and that, therefore, "at least at this time . . . this Court may not determine in the first instance the applicability of the VCAA" to an appellant's claims), *mot. for recons. denied*, 14 Vet.App. 327 (per curiam order), *mot. for full Court review denied*, 15 Vet.App. 21 (2001) (en banc order).

VCAA and that are capable of repetition on remand.[2]

On November 27, 2000, the appellant filed a brief that asserts several adjudication errors in the Board's April 1, 1999, decision. The Secretary filed a brief in reply on March 9, 2001; he argues that readjudication is necessary in light of the enactment of the VCAA and that such a remand would render moot the consideration of any purported adjudicative errors in the BVA decision. Secretary's Brief at 4. The appellant, in his May 10, 2001, motion for reconsideration or panel decision, asserts, inter alia, that "to remand strictly under the VCAA would prejudice him . . . and shield the Secretary from judicial review of those Board errors [that] are unrelated to the VCAA". Appellant's Motion at 3.

In a case where enactment of the VCAA necessitates remand, all other assertions of Board error are ***not*** rendered moot. This Court has both the jurisdiction and the discretion to address ***all*** assertions of Board adjudication error, including errors asserted as alternative grounds for remand. *See Best v. Principi*, 15 Vet.App. 18, 20 (2001) (per curiam order) (Court has, but often refrains from exercising either sua sponte or at appellant's request, discretion to address allegations of error by Board when it is determined that VCAA necessitates remand); *Mahl v. Principi*, 15 Vet.App. 37, 47 (2001) (Steinberg, J., dissenting) ("in a case such as this one where a claim is remanded pursuant to *Karnas* [*v. Derwinski*, 1 Vet.App. 308 (1991),] the issue whether the appellant could be entitled to the benefit sought on appeal under the law as it existed prior to the enactment of the VCAA is still very much in contention because *Karnas* requires consideration of both old and new law, with the ultimate application of the law that is more favorable to the claimant").

Indeed, this Court's jurisdiction and obligation to address asserted "old law" errors is established as set forth in my dissent in *Mahl*, *supra*, and in two additional cases that have come to my attention since that time. In *Kingston v. West*, this Court held that the appellant could not "waive his right to readjudication pursuant to *Karnas*", *Kingston*, 11 Vet.App. 272, 273 (1998) (per curiam order). The Court then went on to hold that the Board's decision under old law had failed to provide an adequate statement of reasons or bases and to remand on that ground as well as under *Karnas*. *Id.* at 273-74. Shortly before that case, the Court in *Baker v. West*, 11 Vet.App. 163 (1998), also refused to accept a waiver of a remand under *Karnas*, *id.* at 168-69, and then held that "VA had failed in its duty to assist the veteran by not [sic] obtaining his [Social Security Administration] records", *id.* at 169. Explaining the necessity to consider allegations of BVA adjudicative error notwithstanding the remand for readjudication pursuant to *Karnas*, the Court in *Kingston* stated: "Because the Board will have to compare the appellant's benefits under both the original and the amended rating schedule, the Court must consider his challenges to the BVA decision before us."

---

[2] *See Mahl v. Principi*, 15 Vet.App. 37, 41 (2001) (Steinberg, J., dissenting) (if Court were to issue decision holding that certain errors had occurred in Board adjudication, possibility that Board would, on remand, repeat those same errors would be markedly reduced).

*Kingston*, 11 Vet.App. at 273 (citing *Baker*, *supra*).[3] Hence, rather than the statement in *Mahl*, 15 Vet.App. at 38, echoed in *Best*, 15 Vet.App. at 19, that "[i]t has been the practice of this Court that when a remand is ordered because of an undoubted error that requires such a remedy, the Court will not, as a general rule, address other putative errors raised by the appellant", the law at the time of *Mahl* and *Best* seems to have been exactly the opposite. *See also Mahl*, 15 Vet.App. at 44-45 (Steinberg, J., dissenting). Finally, the conflict between the Court's action today in refusing to review the asserted BVA errors and the Court's actions in *Kingston* and *Baker* is all the more puzzling because one of my colleagues in the majority today was part of the panels in each of those cases and authored the Court's opinion in *Baker*.

The appellant contends that the Department of Veterans Affairs (VA) medical examiner failed to review the appellant's claims file, including any of his service medical records (SMRs), prior to his examination in March 1997. Dr. John A. Crowe, a VA medical examiner, stated in his April 1997 report that the claims file was not available for his review prior to, or at the time of, his March 1997 medical examination of the appellant. Record (R.) at 112. The Board decision noted the appellant's contention regarding the inadequacy of the March 1997 examination, but concluded that "there is nothing about the examination that appears inadequate on its face". R. at 3. Contrary to this conclusion, a medical examiner must consider the records of prior medical examinations and treatment in order to ensure a fully informed opinion. *See Hampton v. Gober*, 10 Vet.App. 481, 483 (1997); *Schroeder v. Brown*, 6 Vet.App. 220, 225 (1994); *Green (Victor) v. Derwinski*, 1 Vet.App. 121, 123 (1991). The failure to make the appellant's claims file, including his SMRs, available to Dr. Crowe prior to the March 1997 examination, calls into question the thoroughness of the examination – an examination that the Board relied on in its decision. *See Green*, 1 Vet.App. at 124 (1991) ("thorough and contemporaneous medical examination" is one that "takes into account the records of the prior medical treatment, so that the evaluation of the claimed disability will be a fully informed one"). The Board thus erred in concluding that Dr. Crow's examination was not inadequate on its face.

The appellant also asserts that the Board's finding that he experienced no functional disability as a result of his heel injury was made without any supporting medical evidence in violation of the reasons-or-bases requirement in 38 U.S.C. § 7104(d). Appellant's Motion at 2. I agree. A disability of the musculoskeletal system requires a determination as to whether the parts of the system affected by the claimed disability can perform the normal working movements of the body with normal excursion, strength, speed, coordination, and endurance. 38 C.F.R. § 4.40 (2000). "When complete examinations are not conducted covering all systems of the body affected by disease or injury, it is impossible to visualize the nature and extent of the service-connected disability." 38 C.F.R. § 4.42 (2000). The Board may consider only medical evidence independent of its own medical opinions in order to support its findings. *See Colvin v. Derwinski*, 1 Vet.App. 171, 175 (1991); *see also*

---

[3] This is exactly the point I made in my dissent in *Mahl* – that a VCAA remand does not render moot the appellant's allegations of BVA adjudication error, because "the issue whether the appellant could be entitled to the benefit sought on appeal under the law as it existed prior to the enactment of the VCAA is still very much in contention because *Karnas* requires consideration of both old and new law, with the ultimate application of the law that is more favorable to the claimant". *Mahl*, 15 Vet.App. at 47.

*Colayong v. West*, 12 Vet.App. 524 (1999) (finding expert medical opinion deficient and ordering Board to obtain new expert opinion on remand). The report of Dr. Crowe (R. at 111-12), contains a summary of function as "[w]ithin the limits of normal" for the claimed heel disorder, but does not include a description of the tests used to make that determination, and offers no opinion as to the specific considerations listed under 38 C.F.R. § 4.40, including endurance, coordination, strength, and speed. *See Allday v. Brown*, 7 Vet.App. 517, 527 (1995) (under 38 U.S.C. § 7104(d)(1), Board must include in its decision written statement of reasons or bases for its findings and conclusions on all material issues of fact and law presented on record; statement must be adequate to enable appellant to understand precise basis for Board's decision, as well as to facilitate review in Court).

Because I believe that these BVA errors are capable of repetition on remand, they should be addressed by the Court in the context of its remand to the Board for readjudication of this appeal. *See Kingston* and *Baker*, both *supra*. Accordingly, I voted for a panel decision, in order for the Court to do so, and I therefore respectfully dissent.