**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**

No. 99-1001

JAMES T. BENJAMIN,                                                          APPELLANT,

   V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS,                                      APPELLEE.


Before KRAMER, *Chief Judge*, and FARLEY,
HOLDAWAY, IVERS, STEINBERG, and GREENE, *Judges*.

**O R D E R**

*Note: Pursuant to U.S. Vet. App. R. 30(a),*
*this action may not be cited as precedent.*


In an April 19, 2001, order, the Court vacated an April 1, 1999, decision of the Board of Veterans' Appeals and remanded the matter for readjudication in light of the enactment of the Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000). On May 10, 2001, the appellant, through counsel, filed a motion for reconsideration or, in the alternative, for a panel decision. By order dated September 6, 2001, the single judge denied reconsideration and a divided panel denied his request for a panel decision. On September 20, 2001, the appellant filed a motion for a full Court decision.

Motions for a full Court decision are not favored. Ordinarily they will not be granted unless such action is necessary to secure or maintain uniformity of the Court's decisions or to resolve a question of exceptional importance. In this appeal, the appellant has not shown that either basis exists to warrant a full Court decision.

Upon consideration of the foregoing, the record on appeal, and the appellant's motion for a full Court decision, it is

ORDERED that the motion for a full Court decision is denied.

DATED: November 2, 2001                                               PER CURIAM.


KRAMER, *Chief Judge*, concurring: I concur in the denial of the appellant's motion for a full Court decision because the appellant has not demonstrated that he would be prejudiced by a remand pursuant to the Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000) (VCAA), without additional relief. Such prejudice may result, for example,

where the appellant would have (1) argued and provided support for a reversal with a direction by the Court for the award of benefits or (2) demonstrated that errors alleged to have been made by the Board of Veterans' Appeals (Board) neither could be mooted by the VCAA nor could likely be properly raised or eventually remedied on remand to the Board. In this regard, I note that the appellant has not yet raised to the Board his arguments regarding VA's failure (1) to provide a copy of the appellant's claims file to the VA examining physician, *see Hampton v. Gober*, 10 Vet.App. 481, 483 (1997), and (2) to comply with the requirements of 38 C.F.R. § 4.40 (2000) and *DeLuca v. Brown*, 8 Vet.App. 202, 206 (1995). Accordingly, I agree that a VCAA remand was appropriate in this case. *See Maggitt v. West*, 202 F.3d 1370, 1377-78 (Fed. Cir. 2000) (this Court is not compelled to hear arguments raised for first time on appeal; in its discretion, Court may remand for Board to determine such matters in first instance); *Best v. Principi*, 15 Vet.App. 18, 20 (2001) (per curiam order) (because of as yet unknown factual and legal context in which claim readjudication will occur, absent "appropriate circumstances," Court refrains from exercising, either sua sponte or at appellant's request, its discretion to address each assertion of Board error once it is determined that VCAA necessitates remand); *see also Kutscherousky v. West*, 12 Vet.App. 369, 372 (1999) (per curiam order); *Fletcher v. Derwinski*, 1 Vet.App. 394, 397 (1991).

STEINBERG, *Judge*, dissenting: I previously dissented from this Court's denial of the appellant's motion for a panel decision in this case. *Benjamin v. Principi*, __Vet.App.__, __, No. 99-1001, 2001 WL 1021027, at *1-3 (Sept. 6, 2001) (per curiam order) (Steinberg, J., dissenting). I did so because I believe that the Court should address two of the appellant's assertions of error that are not predicated on the potential applicability of the Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000) (VCAA), and are capable of repetition on remand.[1] For the same reasons that I dissented from the Court's denial of the appellant's motion for a panel decision, I now dissent from the denial of the appellant's motion for full-court review.

The appellant's motion for full-court review cites as grounds this Court's misinterpretation of the scope of its jurisdiction and the necessity to maintain uniformity in the Court's decisions. Appellant's Motion at 1, 4. I voted to grant this motion for the following reasons. As I explained in my dissent from the denial of the appellant's motion for a panel decision, I do not believe that a remand for readjudication in light of the enactment of the VCAA, as a general matter, obviates this Court's responsibility[2] to consider assertions of Board of Veterans' Appeals (BVA or Board) adjudication errors, including errors asserted as alternative grounds for remand. *Benjamin*, __Vet.App. at __, 2001 WL 1021027, at *1-2. The Court should generally review such assertions in order to avoid the possibility that adjudication errors will be repeated by the Board on remand. *See Mahl v. Principi*, 15 Vet.App. 37, 40-41 (2001) (Steinberg, J., dissenting); *see also Webb v.*

---

[1] In my previous dissent to the denial of a panel decision in this case, I fully addressed the specific adjudication errors that may be repeated on remand to the Board and that I believe the Court should address. *Benjamin v. Principi*, __ Vet.App.__,__, No. 99-1001, 2001 WL 1021027, at *2-3 (Sept. 6, 2001) (per curiam order) (Steinberg, J., dissenting).

[2] My views regarding the responsibility of the Court in this regard are most fully set forth in my dissenting opinion in *Mahl v. Principi*, 15 Vet.App. 37, 40-47 (2001) (Steinberg, J., dissenting).

*Principi*, 15 Vet.App. 139, 140–41 (2001) (per curiam order) (Steinberg, J., dissenting). Additionally, as I noted in my previous dissent from the denial of the appellant's motion for a panel decision, the Court's refusal, as a general matter, to consider the appellant's assertions of BVA adjudication error that are not predicated on the potential applicability of the VCAA is inconsistent with this Court's precedent. *See Kingston v. West*, 11 Vet.App. 272, 273-74 (1998) (per curiam order) (although remand required pursuant to *Karnas v. Derwinski*, 1 Vet.App. 308 (1991), BVA adjudication error alleged by appellant provided additional basis for remand); *Baker v. West*, 11 Vet.App. 163, 168-69 (1998) (same). Accordingly, I agree that full-court review is appropriate on the grounds cited by the appellant. *See* U.S. VET. APP. R. 35(c).

For the foregoing reasons, I dissent from the Court's denial of the appellant's motion for a decision by the full court.