KRAMER, Chief Judge,
concurring:
I concur in the denial of the appellant’s motion for a full Court decision because the appellant has not demonstrated that he would be prejudiced by a remand pursuant to the Veterans Claims Assistance Act of 2000, Pub.L. No. 106-475, 114 Stat.2096 (Nov. 9, 2000) (VCAA), without additional relief. Such prejudice may result, for example, where the appellant would have (1) argued and provided support for a reversal with a direction by the Court for the award of benefits or (2) demonstrated that errors alleged to have been made by the Board of Veterans’ Appeals (Board) neither could be mooted by the VCAA nor could likely be properly raised or eventually remedied on remand to the Board. In this regard, I note that the appellant has not yet raised to the Board his arguments regarding VA’s failure (1) to provide a copy of the appellant’s claims file to the VA examining physician, see Hampton v. Gober, 10 Vet.App. 481, 488 (1997), and (2) to comply with the requirements of 38 C.F.R. § 4.40 (2000) and DeLuca v. Brown, 8 Vet.App. 202, 206 (1995). Accordingly, I agree that a VCAA remand was appropriate in this case. See Maggitt v. West, 202 F.3d 1370, 1377-78 (Fed.Cir.2000) (this Court is not compelled to hear arguments raised for first time on appeal; in its discretion, Court may remand for Board to determine such matters in first instance); Best v. Principi, 15 Vet.App. 18, 20 (2001) (per curiam order) (because of as yet unknown factual and legal context in *255 which claim readjudication will occur, absent “appropriate circumstances,” Court refrains from exercising, either sua sponte or at appellant’s request, its discretion to address each assertion of Board error once it is determined that VCAA necessitates remand); see also Kutscherousky v. West, 12 Vet.App. 369, 372 (1999) (per curiam order); Fletcher v. Derwinski, 1 Vet.App. 394, 397 (1991).