HAGEL, Judge,
concurring:
I write separately only to express my disagreement with the majority’s use of Hampton v. Gober, 10 Vet.App. 481 (1997), to justify the result in Akins v. Derwinski, 1 Vet.App. 228 (1991), and Sondel v. West, 13 Vet.App. 213 (1999).
The majority states that the appellants in Akins and Sondel had disabilities that were unquestionably present at discharge and that they had applied for service connection within one month after discharge. Ante at 53-54. The majority concludes that the Court properly directed awards of service connection in those cases without remanding for a determination of whether the elements of service connection had been satisfied because the circumstances in those cases eliminated the need to show a then-current disability and a nexus to service. Id. To support its conclusion, the majority cites Hampton.
In Hampton, the evidence of record included a separation examination report that reflected a diagnosis of a knee condition, and the appellant had filed a claim for service connection within approximately one month of his separation examination. Hampton, 10 Vet.App. at 482. Although the Court held that the examination report constituted some evidence of both a current disability and a nexus to service, the majority omits from its discussion that that evidence was deemed sufficient only to satisfy the then-existing and less demanding well-grounded-claim requirement, thereby triggering VA’s duty to assist the appellant in obtaining evidence to substantiate his claim. See id. Ultimately, the Court remanded for the Board to order an examination that addressed the elements of service connection. See id. at 483. Therefore, Hampton does not stand for the proposition for which it is used by the majority, i.e., that service connection is established when a claimant demonstrates that a disability was unquestionably present at discharge and that a claim for service connection was filed within one month after discharge. To support further my belief that Hampton does not provide proper authority for the result reached in Akins and Sondel, I note that Akins pre *56 ceded Hampton and that Sondel, which relied heavily on Akins and postdated Hampton, did not acknowledge or rely in any way on the Court’s decision in Hampton. See Sondel, 13 Vet.App. at 219 (“The applicability of Akins to the instant matter is obvious; the facts of this case are indistinguishable from those in Akins.”).
In sum, any justification by the majority of the result reached by the Court in Akins and Sondel by means of a citation to Hampton is in my view an unconvincing attempt to reconcile the contrasting results in Akins, Sondel, Cotant v. Principi, 17 Vet.App. 116, 132-33 (2003), and the case we decide today. In the absence of convincing authority reconciling the results reached in those cases, the Court risks reaching inconsistent outcomes in cases involving similar circumstances. I believe that our jurisprudence would benefit from a more careful examination, of these issues.