**Craig G. FALK, Appellant,**

v.

**Togo D. WEST, Jr., Secretary of Veterans Affairs, Appellee.**

**No. 96–1286.**

United States Court of Appeals for Veterans Claims.

May 26, 1999.

Cindy B. Smith, was on the brief for the appellant.

John H. Thompson, Acting General Counsel; Ron Garvin, Assistant General Counsel; and Barbara J. Finsness, were on the brief for the appellee.

Before NEBEKER, Chief Judge, and HOLDAWAY and GREENE, Judges.

NEBEKER, Chief Judge:

The appellant, Craig G. Falk, appeals from a July 8, 1996, Board of Veterans' Appeals (BVA or Board) decision denying his claim service connection for post-traumatic stress disorder (PTSD). As the appellant has limited his appeal to the denial of that claim, the Court deems the appellant to have abandoned his right to appeal with respect to the denial of entitlement to benefits under 38 U.S.C. § 1151. *Bucklinger v. Brown*, 5 Vet. App. 435, 436 (1993); *see also Carbino v. West*, 168 F.3d 32, 34–35 (Fed.Cir.1999) (holding that issues not "presented" in an appellant's initial brief to the Court need not be considered under this Court's rules). Upon consideration of the pleadings of the parties and a review of the record on appeal before this Court, it is the holding of the Court that the Secretary has violated the duty to assist under 38 U.S.C. § 5107(a). Accordingly, we vacate the decision of the BVA and remand the case for readjudication consistent with this opinion.

## I. FACTS

The appellant served in the U.S. Navy from April 1960 to September 1964, and from October 1964 to November 1966. Record (R.) at 100, 235. In September 1965, the appellant sought medical treatment for "nervousness [and] shaky hands." R. at 69. A diagnosis of "Passive [a]gressive—anxiety" was noted and tranquilizers were prescribed. *Id.* Between January and February 1966, the appellant was hospitalized, admitting acute alcoholism. The medical record at the time relates that he received several "Captain's Masts," and his service record, according to a review by his commanding officer, "showed chronic and worsening difficulties." R. at 75–76. The appellant was further hospitalized for psychiatric treatment between February and March 1966 and was released "fit for full duty." R. at 84.

In July 1966, the appellant began a tour of duty in Vietnam, assigned to Mine Squadron Eleven, Detachment Alfa, Minesweeping Boat. R. at 78, 98. In September 1966, the appellant received further psychiatric treatment (R. at 78), and, in October 1966, the appellant received a "2.8" rating evaluation

"due to his demonstrating poor ability to adapt to the stresses and demands placed upon personnel in this Combat Zone. Due to a recurring behavioral disorder, [he] has been unable to carry out his assigned responsibilities." R. at 98. The appellant was discharged in November 1966 due to "unsuitability." R. at 126. The appellant's military records show that he was awarded the National Defense Service Medal and the Armed Forces Expeditionary Medal (Vietnam). R. at 100.

In November 1991, the appellant filed a claim for pension, claiming disability due to quadruple bypass surgery (R. at 102–5), and, during a February 1992 VA examination, he related accounts of combat service in Vietnam. Subsequently, he was diagnosed with PTSD (*id.*), and, in July 1992, he filed a claim for service connection for PTSD. In support of his claim, the appellant related accounts of traumatic combat experiences while in Vietnam, but claimed not to remember his experiences with great specificity. R. at 128. A September 1992 VA examination concluded that he "gives the impression of having [PTSD] even though he does not give a very adequate history or account of events." R. at 131.

Information concerning the appellant's claim for service connection for PTSD continued to be collected between 1992 and 1993 (R. at 151–74, 181, 182, 185–86, 189). This information included an Environmental Support Group (ESG) report which provided a 1967 command history of Mine Squadron Eleven and the recommendation for a Presidential Unit Citation (PUC) to Mine Squadron Eleven, Detachment Alfa, for service between June 1966 and February 1967. R. at 156–76; *see also* Appellant's Brief (Br.) at 25 (PUC award). However, his claim for service connection for PTSD was denied in June of 1993. R. at 194–95. The regional office (RO) found that "[t]he veteran's stressors are very general in nature without specific details. When details are given, they do not match the data collected to substantiate the stressors." *Id.* In July of 1996, the BVA denied the appellant's claim for service connection for PTSD, finding that the record did not demonstrate that the appellant had

served in combat. R. at 4–11. Specifically, the BVA "was of the opinion that the evidence does not demonstrate that the purported events to which the veteran has referred, did indeed occur ... [and that] the events claimed by the veteran to be stressors are uncorroborated." R. at 8–10. The BVA found the preponderance of the evidence against the appellant's claim for service connection for PTSD. R. at 10.

## II. ANALYSIS

A well-grounded PTSD claim is one where the appellant has "submitted medical evidence of a current disability; lay evidence (presumed to be credible for these purposes) of an in-service stressor; and medical evidence of a nexus between service and the current PTSD disability." *Cohen v. Brown,* 10 Vet.App. 128, 137 (1997) (citations omitted). Where there is a clear diagnosis of PTSD, the appellant's evidentiary assertions of participation in combat are generally accepted as true for the purpose of determining whether a PTSD claim is well grounded. *Id.*; *see also Samuels v. West,* 11 Vet.App. 433 (1998). Here, because the PTSD claim is well grounded (R. at 6), VA has a statutory duty to assist the appellant in developing the facts pertinent to his claim. *Cohen,* 10 Vet. App. at 148; *Murphy v. Derwinski,* 1 Vet. App. 78, 81–82 (1990); 38 U.S.C. § 5107(a).

The VA queried the ESG for a report concerning the appellant's Vietnam duty between 1960 and 1966. R. at 145. The ESG, acknowledging the appellant's service with Mine Squadron Eleven, Detachment Alfa, between July 1966 and October 1966, limited its response to the 1967 command history and the PUC recommendation without providing a 1966 command history of the appellant's unit. R. at 151. On this record, the Court can neither discern why the ESG submitted a report which failed to provide, or explain the deficit of, information pertinent to the BVA's request, nor why the BVA relied on an inadequate report without explanation. As this Court has held, "an inadequate record frustrates judicial review." *Ardison v. Brown,* 6 Vet.App. 405, 407, 409 (1994). Moreover, the United States Supreme Court has stated:

If the record before the agency does not support the agency action, if the agency has not considered all relevant factors, or if the reviewing court simply cannot evaluate the challenged action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.

*Florida Power & Light Co. v. Lorion,* 470 U.S. 729, 744, 105 S.Ct. 1598, 84 L.Ed.2d 643 (1985); see also *Occidental Petroleum Corp. v. SEC,* 873 F.2d 325, 347 (D.C.Cir.1989) ("The proper course in a case with an inadequate record is to vacate the agency's decision and to remand the matter to the agency for further proceedings.")

Where the claimed PTSD stressor is related to combat, as is the appellant's contention, service department evidence that the veteran was engaged in combat or received "the Purple Heart, Combat Infantryman Badge, or similar citation will be accepted, in the absence of evidence to the contrary, as conclusive evidence of the inservice stressor." 38 C.F.R. § 3.304; *see also Cohen,* 10 Vet.App. at 146. In its decision, the BVA addressed the issue of whether the appellant had "engaged in combat" when it noted that the appellant "[was] not the holder of a combat award such as the Purple Heart." R. at 8. However, the BVA did not discuss the relevance of the PUC to determine, on this record, whether it does or does not constitute a "similar [combat] citation." In his brief, the Secretary maintains that "[a] remand to consider whether the fact that [the appellant's] unit was awarded a PUC is unnecessary because that fact is irrelevant in the determination of whether [a]ppellant, as an individual, was engaged in combat." Secretary's Brief (Br.) at 13. The Secretary bases this argument on the fact that the award of the PUC in no way limits the award of individual citations for acts or service performed at the same time, and he points out that the appellant had received no individual combat award. *Id.* at 9.

▌ Our analysis cannot end there, however, because of a further record deficiency that the appellant, in his brief, has addressed. Appellant's Br. at 10. The Court notes that, while the PUC recommendation was included in the record before the BVA, the PUC that was ultimately awarded was not. It has been submitted to this Court with the appellant's brief. Appellant's Br. at Appendix A. The scope of this Court's review is limited to the record of proceedings before the Secretary and the Board. *See* 38 U.S.C. § 7252(b). Because the PUC is an official document issued by the President, the Court may take judicial notice of its publication. *See, e.g., Richards v. U.S.,* 192 F.2d 602, 605 (D.C.C.1951) (judicial notice taken of presidential proclamation granting a general amnesty to persons convicted of violations of federal statutes who had served honorably in the armed forces during World War II). However, any finding of fact as to the significance of statements in the PUC, as they may or may not relate to this appellant, is the province of the BVA. *See, e.g.,* 38 U.S.C. § 7104(a). The BVA does not appear to have made an effort to investigate the disposition of the PUC recommendation. Confirmation of the receipt of the PUC by Mine Squadron Eleven, Detachment Alfa, reasonably should have led to an examination of the 1966 command history of the appellant's unit to determine whether it provides corroboration for his claim of having engaged in combat, or otherwise corroborates the claimed stressors. While the PUC recommendation emphasizes extraordinary events which occurred between June 1966 and February 1967, the PUC itself considers activities during the entire period. The existence of the PUC, at least, increases the likelihood that the events described by the appellant may have occurred and, therefore, triggers the Secretary's duty to assist by acquiring the 1966 command history of Mine Squadron Eleven, Detachment Alfa.

Moreover, as the PUC appears to be relevant evidence, the BVA was obliged to consider it in light of the equipoise doctrine. 38 U.S.C. § 5107(b); *see also YR v. West,* 11 Vet.App. 393, 399 (1998) ("[i]n a system where equipoise is the standard of proof, evidence of this nature cannot be ignored"). In the alternative, the BVA should explain why the PUC does not increase the likelihood of the appellant's participation in combat.

*See* 38 U.S.C § 7104(d ) (the BVA is required to provide adequate reasons or bases for its findings and conclusions on all material issues of fact or law). Furthermore, the Court recommends that due attention be given to 38 U.S.C. § 1154(b) upon readjudication, for, if the minesweeping boat on which the appellant was serving was engaged in combat, then, the appellant was engaged in combat. *See also Collette v. Brown,* 82 F.3d 389, 393 (Fed.Cir.1996) (if veteran produces credible evidence that would allow a reasonable fact-finder to conclude that alleged injury or disease was incurred in or aggravated by combat service, veteran has produced credible evidence to satisfy the first requirement of 38 U.S.C. § 1154(b)).

### III. CONCLUSION

Upon consideration of the pleadings of the parties and a review of the record on appeal before this Court, the Court holds that the July 8, 1996, decision of the Board is VACATED and the matter of service connection for PTSD is REMANDED for further proceedings consistent with this decision.