# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 00-614

David P. Reed,                                               Appellant,

   v.

Anthony J. Principi,
Secretary of Veterans Affairs,                              Appellee.


Before KRAMER, *Chief Judge*, and HOLDAWAY and STEINBERG, *Judges*.

## O R D E R

*Note:  Pursuant to U.S. Vet. App. R. 30(a),
this action may not be cited as precedent.*

On June 7, 2001, the Court vacated the January 28, 2000, decision of the Board of Veterans' Appeals that declined to reopen the appellant's previously and finally disallowed claim of entitlement to service connection for a nervous condition, previously diagnosed as schizophrenia, and remanded the matter pursuant to the Veterans Claims Assistance Act of 2000 (VCAA), Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000).  On June 28, 2001, the appellant, through counsel, filed a motion for reconsideration or a panel decision.  Upon consideration of the foregoing, it is

ORDERED, by the single judge, that the motion for reconsideration is denied.  It is further

ORDERED, by the panel, that the motion for a decision by a panel is denied.

DATED:      September 20, 2001             PER CURIAM.

STEINBERG, *Judge*, concurring: I concur in the denial of the appellant's motion for a decision by a panel.  Although I do not accept that a remand for readjudication in light of the enactment of the Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000) (VCAA), obviates any necessity to consider an appellant's arguments for remedies that are not predicated on the potential applicability of the VCAA, *see Mahl v. Principi*, 15 Vet.App. 37, 40-47 (per curiam order) (Steinberg, J., dissenting), I agree that in the instant case there was no need to address the merits of the appellant's argument as to any adjudication error under pre-VCAA law.  The appellant's only allegation of error concerns the purported failure of a Department of Veterans Affairs hearing officer to suggest the submission of favorable evidence.  *See* 38 C.F.R. § 3.103(c)(2); *Costantino v. West*, 12 Vet.App. 517, 520 (1999).  Assuming that the appellant's

contention is meritorious, he cannot suffer prejudice from such an error because he will be afforded a full opportunity to present additional evidence on remand. *See Kutscherousky v. West*, 12 Vet.App. 369, 372-73 (1999) (per curiam order). Accordingly, the appellant's claim was appropriately remanded by the single judge without reaching the merits of the appellant's § 3.103(c)(2) contention.