STEINBERG, Judge,
dissenting:
I previously dissented from this Court’s denial of the appellant’s motion for a panel decision in this case. Benjamin v. Principi 15 Vet.App. 216, 217-19 (2001) (per curiam order) (Steinberg, J., dissenting). I did so because I believe that the Court should address two of the appellant’s assertions of error that are not predicated on the potential applicability of the Veterans Claims Assistance Act of 2000, Pub.L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000) (VCAA), and are capable of repetition on remand.[1] For the same reasons that I dissented from the Court’s denial of the appellant’s motion for a panel decision, I now dissent from the denial of the appellant’s motion for full-court review.
The appellant’s motion for full-court review cites as grounds this Court’s misinterpretation of the scope of its jurisdiction and the necessity to maintain uniformity in the Court’s decisions. Appellant’s Motion at 1, 4. I voted to grant this motion for the following reasons. As I explained in my dissent from the denial of the appellant’s motion for a panel decision, I do not believe that a remand for readjudication in light of the enactment of the VCAA, as a general matter, obviates this Court’s responsibility [2] to consider assertions of Board of Veterans’ Appeals (BVA or Board) adjudication errors, including errors asserted as alternative grounds for remand. Benjamin, 15 Vet.App. at 216-18. The Court should generally review such assertions in order to avoid the possibility that adjudication errors will be repeated by the Board . on remand. See Mahl v. Principi, 15 Vet.App. 37, 40-41 (2001) (Steinberg, J., dissenting); see also Webb v. Principi, 15 Vet.App. 139, 140-41 (2001) (per curiam order) (Steinberg, J., dissenting). Additionally, as I noted in my previous dissent from the denial of the appellant’s motion for a panel decision, the Court’s refusal, as a general matter, to consider the appellant’s assertions of BVA adjudication error that are not predicated on the potential applicability of the VCAA is inconsistent with this Court’s precedent. See Kingston v. West, 11 Vet.App. 272, 273-74 (1998) (per curiam order) (although remand required pursuant to Karnas v. Derwinski, 1 Vet.App. 308 (1991), BVA adjudication error alleged by appellant provided additional basis for remand); Baker v. West, 11 Vet.App. 163, 168-69 (1998) (same). Accordingly, I agree that full-court review is appropriate on the grounds cited by the appellant. See U.S. Vet. App. R. 35(c).
For the foregoing reasons, I dissent from the Court’s denial of the appellant’s motion for a decision by the full court.

. In my previous dissent to the denial of a panel decision in this case, I fully addressed the specific-adjudication errors that may be repeated on remand to the Board and that I believe the Court should address. Benjamin v. Principi, 15 Vet.App. 216, 218-19 (2001) (per curiam order) (Steinberg, J., dissenting).

. My views regarding the responsibility of the Court in this regard are most fully set forth in my dissenting opinion in Mahl v. Principi, 15 Vet.App. 37, 40-47 (2001) (Steinberg, J., dissenting).