# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 99-1643

CHARLES W. MADSEN,                                               APPELLANT,

   V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS,                       APPELLEE.

Before HOLDAWAY, STEINBERG, and GREENE, *Judges*.

# O R D E R

On August 8, 2001, the Court issued an order that vacated parts of the July 30, 1999, decision of the Board of Veterans' Appeals, and remanded for readjudication in light of the enactment of Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000). Specifically, the Court remanded those parts of the decision that denied, as not well grounded, claims for VA service connection for a fractured nose, prostate disability, and urethritis, and that determined that new and material evidence had not been submitted to reopen the previously and finally disallowed claims for service connection for small airway disease, asthma, pneumonia, and post-traumatic stress disorder. The Court dismissed claims for service connection for hydrocele and tumors secondary to Agent Orange exposure because there was no jurisdiction-conferring Notice of Disagreement. On August 28, 2001, the appellant filed a motion for a panel decision.

On consideration of the foregoing and the record on appeal, it is

ORDERED that the motion for a panel decision is DENIED.

DATED:    November 6, 2001                  PER CURIAM.

STEINBERG, *Judge*, concurring: Because the appellant has presented no persuasive reason to grant his motion for a decision by a panel, I concur in the denial of that motion. However, I note, with respect to the merits of the appellant's claims, that I would have accepted the Secretary's concession that the Board of Veterans' Appeals (Board) failed to provide an adequate statement of reasons or bases to explain the denial of the appellant's claims to reopen his previously and finally disallowed claims for Department of Veterans Affairs (VA) service connection for asthma, small airway disease, and pneumonia. *See* 38 U.S.C. § 7104(d)(1); *Allday v. Brown*, 7 Vet.App. 517, 527 (1995); *Gilbert v. Derwinski*, 1 Vet.App. 49, 57 (1990). I reject the idea that a remand for readjudication in light of the enactment of the Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000) (VCAA), generally obviates our consideration of an appellant's assertions of Board adjudication error, or our acceptance of the Secretary's concessions

of such error, that are not predicated on the potential applicability of the VCAA. *See Kingston v. West*, 11 Vet.App. 272, 273 (1998) (per curiam order) (Court "must consider" appellant's allegations of adjudicative error notwithstanding remand pursuant to *Karnas v. Derwinski*, 1 Vet.App. 308 (1991)); *Baker v. West*, 11 Vet.App. 163, 169 (1998) (vacatur and remand ordered because VA failed to fulfill duty to assist although that remedy was also required pursuant to *Karnas*); *Mahl v. Principi*, 15 Vet.App. 37, 40-47 (per curiam order) (Steinberg, J., dissenting). As I have noted in prior cases, if the Court were to issue a decision holding that certain errors had occurred in the Board adjudication, the possibility that the Board would repeat those same errors on remand for readjudication in light of the enactment of the VCAA would be markedly reduced. *See Webb v. Principi*, 15 Vet.App. 139, 140 (2001) (per curiam order) (Steinberg, J., dissenting); *Benjamin v. Principi*, __Vet.App.__, 2001 WL 1021027 (Sept. 6, 2001) (per curiam order) (Steinberg, J., dissenting); *Mahl*, 15 Vet.App. at 41 (Steinberg, J., dissenting).