# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 99-528

FLORA T. BREWER,                                              APPELLANT,

   V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS,                               APPELLEE.

Before IVERS, STEINBERG, and GREENE, *Judges.*

## O R D E R

In a single-judge order dated July 23, 2001, the Court vacated the January 8, 1999, decision of the Board of Veterans' Appeals that denied service connection for the cause of the veteran's death, and remanded the matter for readjudication pursuant to the Veterans Claims Assistance Act of 2000 (VCAA), Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000). On August 13, 2001, the appellant, through counsel, filed a motion for reconsideration and an alternative motion for a panel decision.

Upon consideration of the foregoing and the record on appeal, it is by the single judge

ORDERED that the appellant's motion for reconsideration is denied. It is by the panel

ORDERED that the appellant's motion for a decision by a panel is denied.

DATED:        February 26, 2002                        PER CURIAM.

STEINBERG, *Judge,* concurring: The Court's precedents clearly sanction the exercise of discretion by the single judge not to address non-reversal remand grounds. *See Mahl v. Principi,* 15 Vet.App. 37, 37-40 (2001); *Best v. Principi,* 15 Vet.App. 18, 19-20 (2001). Although I disagree with the decision to exercise discretion in this fashion, *see Mahl,* 15 Vet.App. at 40-47 (Steinberg, J., dissenting), especially where the appellant, as in the instant case, has asserted a number of remand grounds with persuasiveness and the Secretary has chosen not to counter those arguments, my position is clearly not in the majority – generally or in this case – and my vote cannot change the panel's decision here to deny a panel decision that could address these grounds. Hence, I have decided in this and future similar cases not to delay a VCAA remand in order for me to address, in a solitary way, the nonreversal remand grounds asserted by the appellant. I am hopeful, nonetheless, that on remand the Board will be particularly scrupulous in seeking to avoid repetition of questionable adjudicative actions that it took in the decision on appeal, so that a future, second appeal – and a possible second remand – may be unnecessary.

As to the appellant's arguments for reversal, the Secretary effectively rebutted those arguments in his brief in response to the appellant's opening brief. The evidence in support of service connection for the cause of the appellant's husband's death is not uncontroverted, and reversal therefore is not the appropriate remedy. *See* Secretary's Brief at 11-15; *Gilbert v. Derwinski*, 1 Vet.App. 49, 58-59 (1990); *see also Hicks v. Brown*, 8 Vet.App. 417, 422 (1995).