# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 99-2043

CRUZ SANCHEZ,                                                    APPELLANT,

   V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS,                  APPELLEE.

Before IVERS, STEINBERG, and GREENE, *Judges.*

## O R D E R

On April 6, 2001, by single-judge order, the Court remanded the appellant's claim for entitlement to service connection for a right-foot disability pursuant to the Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000) (VCAA), and *Holliday v. Principi*, 14 Vet.App. 280 (2001). On April 27, 2001, the appellant filed a timely motion for panel decision. The appellant argues that remand was inappropriate where the evidence of record supported an award of service connection for the claimed condition. He argues that the Court erred in remanding the claim rather than reversing the Board of Veterans' Appeals (Board) decision as clearly erroneous.

Because the Board's decision predates the enactment of the VCAA, and because this Court is limited to reviewing that which the Board has already considered, a remand is required in order to provide the Board with an opportunity to readjudicate the appellant's claims under the new statute in the first instance. *Holliday*, *supra*; *see also Luyster v. Gober*, 14 Vet.App. 186 (2000) (per curiam order). Each of the appellant's arguments respecting the Board's decision can be presented to the Board on remand, and in the event this appeal should return to the Court, the Court will be in a better position to review the issues after receiving the benefit of the Board's analysis. *See Best v. Principi*, 15 Vet.App. 18, 19-20 (2001) (per curiam order) (a narrow decision preserves for the appellant an opportunity to argue those claimed errors before the Board upon readjudication).

Upon consideration of the foregoing, the parties' prior pleadings, and the record on appeal, it is

ORDERED that the appellant's motion for a decision by a panel is denied.

DATED:     March 12, 2002                    PER CURIAM.

STEINBERG, *Judge*, dissenting: I voted to grant a panel decision in this case because I believe that the Court's refusal to address a ground for remand asserted by the appellant and

conceded by the Secretary unnecessarily raises the risk that this error will be repeated on remand, and that it is an inappropriate exercise of this Court's discretion not to address nonreversal grounds for remand in the context of a remand for readjudication in light of the enactment of the Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000) (VCAA).[1] *See Mahl v. Principi*, 15 Vet.App. 37, 37-40 (2001) (describing Court's discretion, in VCAA-remand context, not to address nonreversal grounds); *Best v. Principi*, 15 Vet.App. 18, 19-20 (2001).

In this case, the appellant has argued that the decision of the Board of Veterans' Appeals (Board) was erroneous because it failed, in contravention of *Colvin v. Derwinski*, 1 Vet.App. 171, 175 (1991) (holding that when Board refuses to accept medical opinions favorable to appellant, "it [is] necessary for the [Board] to state its reasons for doing so and, more importantly, point to a medical basis other than the [Board]'s own unsubstantiated opinion which supported the decision"), to articulate an independent medical basis to support its denial of the claim on the merits. Appellant's Remand Motion (Mot.) at 9-11. In his remand motion, the Secretary stated as follows: "Hence, had the VCAA not been enacted, remand would have been required due to the obvious *Colvin* violation, *inter alia*. Nevertheless, the VCAA was enacted and the Board's analysis only makes more obvious the Act's relevance to the claim." Secretary's Mot. at 5-6. Despite his assertion that a VCAA remand obviates the need to remand on the *Colvin* ground, the Secretary not only concedes this error but describes it as **obvious**. The Court's refusal to accept this concession of obvious error unnecessarily risks its repetition on remand, and such a repetition could very well lead to the Court's having to deal in the future with an error that could have been corrected now. *See Mahl*, 15 Vet.App. at 40-47 (Steinberg, J., dissenting) (discussing generally issues and concerns that should militate in favor of Court's exercising its discretion to consider non-VCAA, nonreversal bases for remand).[2]

Therefore, for the reasons set forth above as well as those set forth in my dissent in *Mahl*, *supra*, I believe that it is inappropriate for the Court to refuse to consider a Board error conceded by the Secretary and, hence, I dissent from the denial of a panel decision to supercede the single-judge order that remanded for readjudication purely in light of the enactment of the VCAA.

---

[1] Although I have recently stated in *Brewer (Flora) v. Principi* my general intention, as to matters coming before me on motions for a panel decision, "in this and future similar cases not to delay a VCAA remand in order for me to address, in a solitary way, the nonreversal remand grounds asserted by the appellant", *Brewer (Flora)*, __ Vet.App. ___, ___, No. 99-528, slip op. at 1-2 (Feb. 26, 2002) (Steinberg, J., concurring), this case presents a different and distinguishable circumstance because the nonreversal remand grounds here are not merely asserted by the appellant but are also **conceded** by the Secretary. *See* Secretary's Motion at 5-6. In such a circumstance, I feel obliged at least to note that this error is uncontested and to challenge the basis for the Court's refusing to address such a ground.

[2] *See also Benjamin v. Principi*, 15 Vet.App. 216, 216-219 (2001) (Steinberg, J., dissenting) (voting, for same reasons articulated in dissent in *Mahl*, *supra*, for motion for panel decision where there was VCAA remand); *Webb v. Principi*, 15 Vet.App. 139, 140-43 (2001) (Steinberg, J., dissenting) (same).