# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 02-720

ROBIN E. HELMER,                                                    APPELLANT,

     V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS,                      APPELLEE.

Before KRAMER, *Chief Judge*, and FARLEY and STEINBERG, *Judges.*

## O R D E R

On November 13, 2003, the Court vacated the April 18, 2002, Board of Veterans' Appeals decision that denied service connection for the cause of the veteran's death and remanded the matter for readjudication. On December 4, 2003, the appellant, through counsel, filed a timely motion for a panel decision. Upon consideration of the foregoing, the parties' prior pleadings, and the record on appeal, it is

ORDERED that the appellant's motion for a panel decision is denied.

DATED: February 25, 2004                              PER CURIAM.

STEINBERG, *Judge*, concurring: I voted to deny the appellant's motion for a panel decision. I agree with the appellant that it would be preferable for the Court in the instant appeal to address the question of law presented by the appellant as to whether cancer in the larynx that metastacized from a cancer not listed as presumptively service connected in 38 C.F.R. § 3.309(e) (2003), adopted pursuant to 38 U.S.C. § 1116(b), is a presumptively service-connected disease under that regulation, taking into consideration 38 U.S.C. §§ 1113, 1116(a)(1) and 38 C.F.R. § 3.307(d) (2003); *cf.* VA Gen. Coun. Prec. 18-97 (May 2, 1997). *See Mahl v. Principi*, 15 Vet.App. 37, 40-47 (per curiam order) (2001) (Steinberg, J., dissenting). Nonetheless, I believe that the decision in the Court's dispositive order in the instant case that the BVA should address that question of law, with an adequate statement of reasons or bases under 38 U.S.C. § 7104(a), (d)(1), before the Court undertakes to do so is a reasonable one under the circumstances of this case and does not warrant the intervention of a panel.